**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Almany Ismael Bangoura, individually and on behalf of all others similarly situated,<br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Beiersdorf, Inc. and Bayer Healthcare, LLC,<br>　　　　　　　　　Defendants. | Case No. 1:22-cv-00291-BMC |

**ORDER GRANTING PRELIMINARY APPROVAL OF**
**<u>CLASS ACTION SETTLEMENT</u>**

WHEREAS, an action is pending before this Court entitled *Bangoura v. Beiersdorf, Inc. and Bayer Healthcare, LLC.*, Case No. 1:22-cv-00291-BMC. (the "Litigation");

WHEREAS, Plaintiff having made application pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a class action settlement with Beiersdorf, Inc. and Bayer Healthcare, LLC ("Defendants," and together with Plaintiff, the "Parties"), in accordance with the settlement agreement lodged concurrently with the Court ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein ("Settlement"); and

Having considered all matters submitted to it including the complete record of the Litigation and good cause appearing therefore, the Court grants preliminary approval of the Settlement and hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2. The Court preliminarily approves the Settlement Agreement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

3. For purposes of the settlement only, the Court certifies the Settlement Class, which consists of all natural persons who, prior to the date hereof, purchased in the United States any Covered Product for personal, family or household use, and not resale. "Covered Products" mean Coppertone spray sunscreen products: (1) Pure & Simple SPF 50; (2) Pure & Simple Kids SPF 50; (3) Pure & Simple Baby SPF 50; (4) Sport Mineral SPF 50; (5) Sport SPF 50; (6) Sport SPF 30; (7) Sport SPF 15; (8) Complete SPF 50; (9) Complete SPF 30; (10) Glow Shimmer SPF 50; (11) Glow Shimmer SPF 30; (12) Kids SPF 50. Excluded from the Settlement Class are (1) the

Honorable Judge Brian Cogan and members of his immediate family; (2) Defendants; (3) any entity in which a Defendant has a controlling interest; (4) any of Defendants' subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class.

4. The Court preliminarily finds, solely for purposes of considering this settlement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are conditionally satisfied, including requirements that: (a) the Settlement Class Members are too numerous to be joined in a single action; (b) common issues of law and fact exist and predominate; (c) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (d) the Class Representative and Class Counsel can adequately protect the interests of the Settlement Class Members; and (e) a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Litigation. The Court also concludes that, because the Litigation is being settled rather than litigated, the Court need not consider manageability, efficiency, or judicial economy issues that might otherwise be presented by the trial of a class action involving the issues in the Litigation.

5. The Court conditionally designates Jason P. Sultzer of The Sultzer Law Group, P.C. and Charles E. Schafer of Levin, Sedran & Berman LLP as Class Counsel, and Almany Ismael Bangoura as Class Representative of the Settlement Class for purposes of this settlement. The Court preliminarily finds that the Class Representative and Class Counsel have fairly and adequately represented and protected the interests of the absent Settlement Class Members.

6. The Court has subject-matter jurisdiction over the Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

1

7. A Final Approval Hearing shall be held before this Court at _4:45 pm____ on __January____, _5____, in Courtroom 8D, in the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, to address: (a) whether the proposed settlement should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and payment to the Class Representative should be approved.

8. In consultation with, and with the approval of, Defendants, Class Counsel is hereby authorized to establish the means necessary to administer the proposed settlement and implement the Claim process, in accordance with the terms of the Settlement Agreement. Angeion Group is hereby appointed by the Court as the Claim Administrator, whose reasonable fees and costs are to be paid from the Settlement Fund in accordance with the Settlement Agreement. The Claim Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be entered by this Court in this case.

9. The Court approves, as to form and content, the Claim Form and Notices, attached as Exhibits to the Settlement Agreement. The Claim Form and Notices are written in plain English, are easy to comprehend, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law. The Parties shall have discretion to jointly make non-material minor revisions to the Claim Form or Notices. Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Claim Administrator, subject to the oversight of the Parties and this Court as described in the Settlement Agreement.

10. The Court finds that Plaintiff's plan for providing notice to the Settlement Class (the Notice Plan) is reasonably calculated to provide notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class, the terms of the Settlement Agreement, the Final Approval hearing, and applicable deadlines, and complies fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Parties and the Claim Administrator shall comply with the Notice Plan and other deadlines as set forth in the Settlement Agreement and this Order.

11. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit a timely request for exclusion to the Claim Administrator, pursuant to the instructions set forth in the Long Form Notice. The request must be postmarked by 60 days before Final Approval Hearing. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

12. No later than ten days after the Exclusion Deadline, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiff's Counsel shall inform the Court of the number of persons who have timely and validly excluded themselves concurrently with the filing of Plaintiff's motion for final approval of the Settlement,

3

in accordance with the Court's regular notice requirements. The Court retains jurisdiction to resolve any disputed exclusion requests.

13. Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the settlement or intervene in the Litigation.

14. Any Settlement Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement Agreement ("Objection"). The Objection must satisfy the requirements set forth in the Long Form Notice and must be filed with the Clerk of the Court (not postmarked) no later than 60 days before Final Approval Hearing, or it will be rejected.

15. Any Settlement Class Member shall have the right to request to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. If the Settlement Class Member wishes to object to the Settlement at the Final Approval Hearing (either personally or through counsel), the Settlement Class Member must submit a timely written objection in compliance with the requirements referenced in the prior paragraph of this Order.

16. Plaintiff shall file motions for Final Approval and for any award of attorneys' fees, costs and a class representative payment in accordance with the Court's regular notice requirements, and the reply in support of those motions no later than five days before the Final Approval Hearing. Those motions and all supporting documentation shall be posted to the Settlement Website within one day of filing.

17. No later than twenty-one days after the Claim Filing Deadline, the Claim Administrator shall prepare a report of the number of Valid Claims and the dollar amount of those

4

claims, and Plaintiff's Counsel shall file a declaration from the Claim Administrator attesting to those figures concurrently with the filing of Plaintiff's motion for final approval of the Settlement, in accordance with the Court's regular notice requirements.

18. In the event that the proposed settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith (including any order amending the complaint) shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

19. This Order shall not be construed as an admission or concession by Defendants of the truth of any allegations made by the Plaintiff or of liability or fault of any kind.

20. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members, though such extensions shall be posted to the Settlement Website. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members beyond updates to the Court's docket and the Settlement Website, be continued by Order of the Court. If the Court grants Final Approval to the Settlement Agreement, then Settlement Class Members who have not timely requested to be excluded, including persons who objected to the Settlement Agreement or submitted a Valid Claim, shall be deemed to have released their Released Claims.

21. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

22. All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Settlement Agreement and this Order.

**IT IS SO ORDERED** this __2__ day of ___August____, 2022.

Digitally signed by Brian M. Cogan

UNITED STATES DISTRICT JUDGE