**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Almany Ismael Bangoura, individually and on behalf of all others similarly situated,<br>                                    Plaintiff,<br><br>                v.<br><br>Beiersdorf, Inc. and Bayer Healthcare, LLC,<br>                                    Defendants. | Case No. 1:22-cv-00291-BMC |

**ORDER GRANTING FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT**

WHEREAS, an action is pending before this Court entitled *Bangoura v. Beiersdorf, Inc. and Bayer Healthcare, LLC.,* Case No. 1:22-cv-00291-BMC (the "Litigation");

WHEREAS, on August 2, 2022 this Court signed an order preliminarily approving a class action settlement with Beiersdorf, Inc. and Bayer Healthcare, LLC ("Defendants," and together with Plaintiff, the "Parties") ("Preliminary Approval Order") (Doc. 36) in accordance with a settlement agreement filed with the Court on August 1, 2022 ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein ("Settlement");

WHEREAS the Preliminary Approval Order also authorized Plaintiff to disseminate notice of the settlement, the Final Approval Hearing and related matters, to the Settlement Class; and

Having considered all matters submitted to it including the complete record of the Litigation and good cause appearing therefore, the Court grants final approval of the Settlement and hereby finds and concludes as follows:

1.      The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

This Final Approval Order incorporates the Settlement Agreement and its Exhibits and the Preliminary Approval Order and its Exhibits.

2. This Court has subject-matter jurisdiction over this Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties, including all Settlement Class Members, for all matters relating to this Litigation and the settlement, including, without limitation, the administration, interpretation, effectuation, and/or enforcement of the settlement, this Final Approval Order, and the Final Judgment.

3. The Court finds that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for certification of the Settlement Class for settlement purposes because: Settlement Class Members are ascertainable and are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representative are typical of the claims and defenses of the Settlement Class she represents; the Class Representative and Class Counsel have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class; common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

4. For purposes of the settlement and this Final Approval Order and Judgment, the Court hereby finally certifies the following Settlement Class: All natural persons who, prior to the date of Preliminary Approval, purchased in the United States any Covered Product for personal, family or household use, and not resale. "Covered Product" means Coppertone spray sunscreen products: (1) Pure & Simple SPF 50; (2) Pure & Simple Kids SPF 50; (3) Pure & Simple Baby

SPF 50; (4) Sport Mineral SPF 50; (5) Sport SPF 50; (6) Sport SPF 30; (7) Sport SPF 15; (8) Complete SPF 50; (9) Complete SPF 30; (10) Glow Shimmer SPF 50; (11) Glow Shimmer SPF 30; (12) Kids SPF 50. The following persons are excluded from the Settlement Class: (1) the Honorable Judge Brian Cogan and members of his immediate family; (2) Defendants; (3) any entity in which a Defendant has a controlling interest; (4) any of Defendants' subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class.

5. A total of 47 persons filed timely requests to opt out of the Settlement Class. In addition, 0 persons filed objections to the settlement.

6. For the purpose of this settlement, the Court hereby finally certifies Plaintiff Almany Ismael Bangoura as Class Representative, and the law firms of The Sultzer Law Group, P.C. and Levin, Sedran & Berman LLP as Class Counsel.

7. The Parties and Claim Administrator complied in all material respects with the Notice Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan set forth in the Settlement Agreement, and effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the pendency of the Litigation; the existence and terms of the Settlement Agreement; their rights to make claims, exclude themselves, or object; the matters to be decided at the Final Approval Hearing; and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class. Further, the Notice Plan satisfied the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

8.      A full and fair opportunity has been given to the members of the Settlement Class to exclude themselves from the settlement, object to the terms of the settlement or to Class Counsel's request for attorneys' fees and expenses and class representative payment, and otherwise participate in the Final Approval Hearing held on January 5, 2023.

9.      The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day period to comment on or object to the settlement before entering its Final Approval Order and Final Judgment.

10.     The Court finds that the settlement is in all respects fair, reasonable, and adequate. The Court therefore finally approves the settlement for all the reasons set forth in the Motion for Final Approval including, but not limited to, the fact that the Settlement Agreement was the product of informed, arms-length negotiations between competent, able counsel and conducted with the oversight and involvement of an independent, well respected, and experienced mediator; the record was sufficiently developed and complete through meaningful fact and expert discovery and motion practice to have enabled counsel for the Parties to have adequately evaluated and considered the strengths and weaknesses of their respective positions; the Litigation involved disputed claims, and this dispute underscores the uncertainty and risks of the outcome in this matter; the settlement provides meaningful remedial and monetary benefits for the disputed claims;

and the Parties were represented by highly qualified counsel who, throughout this case, vigorously and adequately represented their respective parties' interests. The Court finds that there was no collusion in reaching this Settlement Agreement.

11. The Settlement is in the best interests of the Settlement Class in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the class claims. The relief provided to the Settlement Class Members under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and to the Settlement Class as a whole. All requirements of statute, rule, and the Constitution necessary to effectuate the settlement have been met and satisfied.

12. The Parties and the Claim Administrator shall continue to effectuate the Settlement Agreement in accordance with its terms.

13. By operation of this Final Approval Order and Judgment, Plaintiff, Settlement Class Members and Releasing Parties hereby finally, forever, and completely resolve, discharge, and release all of the Released Claims against the Released Parties. As used herein:

   a. Releasing Parties are Plaintiff, Settlement Class Members, and any of their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, owners, successors, predecessors-in-interest, and assigns.

   b. The "Released Claims" are any and all claims, liens, demands, actions, causes of action, rights, duties, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation, whether based upon any violation of any state or federal statute or common law or regulation or otherwise, or arise directly or indirectly out of, or in any way relate to: (i) the

    allegations, claims, or contentions that were, or could have been, asserted in the Litigation, including but not limited to allegations, claims, or contentions related in any way to the testing, marketing, sales, advertising, and use of the Covered Products; and (ii) any alleged acts, omissions, or misrepresentations related in any way to the presence of benzene in the Covered Products.

  c. The "Released Parties" are "Defendants and each and all of their respective predecessors and successors in interest, former, present and future direct and indirect affiliates, subsidiaries, divisions, parents, owners, and affiliates, and each and all of their respective present and former officers, directors, shareholders, members, partners, employees, agents, representatives, suppliers, resellers, retailers, wholesalers, distributors, manufacturers, customers, brokers, insurers, assigns, servants, attorneys, assignees, heirs, and executors, whether specifically named and whether or not participating in the settlement by payment or otherwise.

14. All personal injury claims are expressly excluded from the Release.

15. Plaintiff, Settlement Class Members, and Defendants expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiff, Settlement Class Members, and Defendants explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiff and Defendants with the knowledge of the possibility of such unknown claims, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiff, Settlement Class Members, and Defendants expressly waive all provisions, rights and benefits of California

Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States or any state or territory thereof, or of the common law). **Section 1542 provides:**

> **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

16. Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement.

17. No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Litigation, or of any fault on the part of any Defendant, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto. Defendant's agreement not to oppose the entry of this Final Approval Order and Judgment shall not be used against Defendants by any Party or non-party for any purpose in this Litigation or any other action, lawsuit, or proceeding of any kind whatsoever.

18. For the reasons stated in the separate Order on Class Counsel's Application for an award of attorneys' fees, costs, and class representative payment, the following amounts shall be paid by Defendants:

   a. Fees to Class Counsel: $766,666.67

   b. Costs and expenses to Class Counsel $31,422.45

      c. Class representative payment to Plaintiff Almany Ismael Bangoura: $2,500

Such amounts shall be due and paid according to the terms of the Settlement Agreement.

19. Except as provided in this Order, Plaintiff shall take nothing against Defendants by his Complaint.

20. This order shall constitute a final judgment binding the Parties and Settlement Class Members with respect to this Litigation.

21. Without affecting the finality of the judgment hereby entered, this Court expressly retains exclusive and continuing jurisdiction over the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement, the Final Approval Order, or the Final Judgment, including, without limitation, for the purpose of:

      a. the distribution of funds in the event settlement payments checks are not negotiated within one hundred and twenty (120) days of mailing.

      b. enforcing the terms and conditions of the Settlement and resolving any and all disputes, claims or causes of action that, in whole or in part, arise out of or are in any way related to the Settlement Agreement, the Final Approval Order, or the Final Judgment (including, whether a Person is or is not a Settlement Class Member);

      c. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the settlement; and

d.  entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Approval Order, or the Final Judgment.

22. Without affecting the finality of this Final Approval Order or the Final Judgment, Defendants and each Settlement Class Member hereby irrevocably submits to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

23. The Parties are hereby directed to implement and consummate the settlement according to the terms and provisions of the Settlement Agreement.

24. In the event the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order and any judgment entered thereon shall be rendered null and void and shall be vacated, and in such event, all orders and judgments entered and releases delivered in connection herewith shall be null and void and the Parties shall be returned to their respective positions prior to the settlement.

25. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, mutually agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent in material respects with this Final Approval Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

26. There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED** this 6th day of January, 2023

*Brian M. Cogan*
_____

HON. BRIAN M. COGAN

UNITED STATES DISTRICT JUDGE